# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE JACKSON,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CORIZON HEALTH, INC.,** | : | **No. 17-2838** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                                      SEPTEMBER 4, 2019

Tyree Jackson is a prisoner with chronic intestinal illnesses. For five months in 2015, he was temporarily transferred from federal prison to city custody in Philadelphia, Pennsylvania at the Curran-Fromhold Correctional Facility ("CFCF"). Mr. Jackson alleges that Corizon Health, Inc., CFCF's medical provider, failed to address his medical needs because it had a policy or custom of delaying medical treatment when an inmate was about to be transferred out of CFCF. In July 2019, the Court granted Corizon's motion for summary judgment on Mr. Jackson's Eighth Amendment claim under 42 U.S.C. § 1983, his sole remaining claim, because there was no evidence on the record suggesting that Corizon maintained such a policy or custom.[1]

Mr. Jackson moves for reconsideration. He acknowledges that his § 1983 claim against Corizon cannot survive based upon an allegation of the existence of a policy or custom but argues that his § 1983 claim against Corizon was based on Corizon's alleged deliberate indifference to

---

[1] Mr. Jackson originally brought this case *pro se* against Corizon and several members of its staff. The case was placed on the Prisoner Civil Rights Panel and eventually taken on by an attorney. (The Court here expresses institutional appreciation to Counsel for responding to the outreach of the Eastern District of Pennsylvania District Court to the Bar for such matters as this.) The latest iteration of the complaint—Mr. Jackson's first complaint with counsel—asserted claims against Corizon, Dr. Vivian Gandy, and Almedia Frias. Thereafter, the parties filed joint stipulations dismissing Dr. Gandy and Ms. Frias from the case. Therefore, only Mr. Jackson's claims against Corizon are at issue in this motion for reconsideration.

1

Mr. Jackson's medical needs and that the record supports such a claim. However, Mr. Jackson applies the incorrect legal standard for establishing the deliberate indifference of a corporate defendant under § 1983. To survive summary judgment on a § 1983 claim against private health companies providing services, like Corizon, a plaintiff inmate must satisfy the requirements of *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Mr. Jackson cannot do so. Therefore, the Court denies Mr. Jackson's motion for reconsideration.[2]

## LEGAL STANDARD

To succeed on a motion for reconsideration, the moving party must demonstrate (1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A finding of "clear error" requires a "'definite and firm conviction that a mistake has been committed.'" *United States v. Jasin*, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citation omitted); see also *In re Loewen Group*, No. 98-6740, 2006 U.S. Dist. LEXIS 200, at *4–5 (E.D. Pa. Jan. 5, 2006) (citation omitted).

## DISCUSSION

Mr. Jackson argues that it was clear error of law for the Court to grant Corizon's motion for summary judgment "solely based upon the custom/policy argument" because Mr. Jackson "satisfactorily plead a violation of his constitutional rights under the Eighth Amendment based

---

[2] The Court discussed the facts underlying this case in its Memorandum granting Corizon's motion for summary judgment and will not recount those facts here. *See* July 16, 2019 Memorandum at 2–5.

upon deliberate indifference to his serious medical conditions." Mr. Jackson's Mot. for Reconsideration at 1. He claims that to establish deliberate indifference, a plaintiff need only make "'(1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious.'" *Id.* at 1–2 (quoting *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017)).

However, *Pearson*, and the other case Mr. Jackson relies on in his motion for reconsideration, involved Eighth Amendment claims against individual prison officials and medical professionals, not claims against corporate defendants like Corizon. *See Pearson*, 850 F.3d at 531 ("The defendants are five individuals who were either aware of or responded to Pearson's requests for medical treatment . . . ."); *Farmer v. Brennan*, 511 U.S. 825, 829 (1994) ("The dispute before us stems from a civil suit brought by petitioner, Dee Farmer, alleging that respondents, *federal prison officials*, violated the Eighth Amendment by their deliberate indifference to petitioner's safety.") (emphasis added). The deliberate indifference test cited by Mr. Jackson—and used by the courts in *Farmer* and *Pearson*—is the proper test to determine the underlying liability for an Eighth Amendment claim concerning inadequate medical care provided in the prison context. *See Pearson*, 850 F.3d at 534 ("In order to sustain this constitutional claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious.") (citations and quotations omitted). However, even if Mr. Jackson could meet this standard, he would be unable to prevail on his § 1983 claim against Corizon.

As previously explained by the Court, for § 1983 claims brought against private health companies providing services to inmates, a plaintiff must also satisfy the requirements of *Monell*. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003) ("PHS cannot be

3

held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability. In order for PHS to be liable, the [plaintiffs] must provide evidence that there was a relevant PHS policy or custom, and that the policy caused the constitutional violation that they allege.") (citing *Monell*, 436 U.S. at 691 and *Bd. of the County Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *Lomax v. City of Philadelphia*, No. 13-1078, 2017 U.S. Dist. LEXIS 47453, at *8–9 (E.D. Pa. Mar. 29, 2017) ("Because Corizon is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted); *Miller v. Hoffman*, No. 97-7987, 1998 U.S. Dist. LEXIS 9934, at *12–15 (E.D. Pa. July 7, 1998) (allowing a plaintiff's Eighth Amendment claim against an individual medical professional to proceed because the plaintiff alleged that the individual was deliberately indifferent to his serious medical needs, but dismissing the plaintiff's Eighth Amendment claim against the corporate defendant because the plaintiff failed to satisfy the requirements of *Monell*). The *Monell* requirements, of course, are separate and distinct from the deliberate indifference test set out in *Farmer* and *Pearson* and provide an independent reason to dismiss Mr. Jackson's claims.

As the Third Circuit Court of Appeals recently explained in *Forrest v. Parry*, "a § 1983 claim against a municipality [or corporate defendant] may proceed in two ways." 930 F.3d 93, 105 (3d Cir. 2019) (citing *Estate of Roman v. City of Newark*, 914 F.3d 789, 798–99 (3d Cir. 2019)). A plaintiff may show: (1) "that an unconstitutional policy or custom of the municipality [or corporate defendant] led to his or her injuries"; or (2) "that [his or her injuries] were caused by a failure or inadequacy by the municipality [or corporate defendant] that reflects a deliberate or conscious choice." *Id.*

4

In its Memorandum granting Corizon's motion for summary judgment, the Court focused on the former avenue. *See* July 16, 2019 Memorandum at 7–9. As previously explained, and as conceded by Mr. Jackson in his motion for reconsideration, there is no evidence on the record suggesting that Corizon had a policy or custom of not treating inmates who would soon be transferred to federal prison. *See* Mr. Jackson's Mot. for Reconsideration at 1 ("Plaintiff does not dispute this Court's findings that Plaintiff's claims [cannot] survive a motion for summary judgment based upon the existence of a policy or custom to establish a *Monell* claim . . . .").

The latter avenue arises in the context of a failure to train, supervise, and or discipline case. *Forrest*, 930 F.3d at 105. Because Mr. Jackson did not frame his claim against Corizon as a failure to train, supervise, or discipline claim, the Court did not conduct an analysis under the failure to train, supervise, or discipline rubric. However, for the sake of completeness, even assuming *arguendo* that such claims been articulated, the Court now concludes that the record in this case does not support a failure to train, supervise, or discipline claim.

To support such a claim, the plaintiff must demonstrate "a failure or inadequacy amounting to deliberate indifference on the part of the municipality [or corporate defendant]."[3] *Id.* at 106 (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997)). The Third Circuit Court of Appeals has held that "a failure to train, discipline or control can only form the basis for section 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir.

---

[3] Notably, "deliberate indifference" in this context is separate and apart from the "deliberate indifference" standard set out in *Farmer* and *Pearson*. *See Farmer*, 511 U.S. at 840–41 (explaining that the "deliberate indifference" test for determining the liability of prison officials under the Eighth Amendment differs from the *Monell* standard).

1998) (citation omitted). Constructive knowledge or a showing that a policymaker "should have known" about the pattern of constitutional misconduct is sufficient. *Forrest*, 930 F.3d at 109 ("Camden policymakers knew *or should have known* that supervisor-level officers would be confronted with officer misconduct . . . and that the wrong choice—failure to report or admonish—would lead to the sort of behavior that occurred here . . . ."); *Hernandez v. Borough of Palisades Park Police Dep't*, 58 F. App'x 909, 913 (3d Cir. 2003) ("[C]onstructive knowledge may be evidenced by the fact that the practices have been so widespread or flagrant that in the proper exercise of their official responsibilities the municipal policymakers should have known of them.") (citation and quotations omitted).

In this case, Mr. Jackson did not depose any Corizon employees, did not present any evidence showing that other prisoners received delayed or otherwise inadequate medical care, and did not present any evidence concerning Corizon's training or disciplinary practices. Therefore, a reasonable factfinder could not possibly conclude that an unidentified final policymaker at Corizon had (or should have had) knowledge of Mr. Jackson's allegedly deficient treatment or of a prior pattern of unconstitutional conduct and failed to adequately train, supervise, or discipline employees accordingly.

## CONCLUSION

Mr. Jackson did not satisfy the requirements of *Monell*. This failure was fatal to his § 1983 claim against Corizon. Therefore, the Court denies Mr. Jackson's motion for reconsideration. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE